UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL DALTON,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CARRIE RUSSO, et al.,<br><br>　　　　Defendants. | Case No. C25-1254RSM<br><br>ORDER GRANTING CITY OF SEATTLE'S MOTION TO DISMISS |

　　　This matter comes before the Court on Defendant City of Seattle's Motion to Dismiss, Dkt. #30. The City of Seattle indicates it has "erroneously" been sued as "Seattle Police Department" and "Office of Police Accountability," and now moves to dismiss under Rule 12(b)(6). *Id*. at 1. Plaintiff Dalton has filed an opposition brief. *See* Dkt. #31. Neither party has requested oral argument.

　　　The Complaint lists Carrie Russo, Emma Airheart, Ana Carolina Durro, "Angela," Seattle Police Department ("SPD"), Office of Police Accountability, and John Doe as Defendants. Dkt. #5 at 1. On November 17, 2025, claims against the individual Defendants Carrie Russo, Emma Airheart, Ana Carolina Durro, and Angela were dismissed for failure to provide proof of proper service under Rule 4(m). Dkt. #35. The Court finds that the only remaining claims in this case are covered by the instant Motion.

ORDER GRANTING CITY OF SEATTLE'S MOTION TO DISMISS - 1

The Complaint discusses nearly a decade of harassment endured by Plaintiff starting with "false allegations of stalking" by a woman named Carrie Russo back in 2016. Regarding the remaining Defendants, Plaintiff alleges that in 2019 an SPD officer named Ivanov "knowingly concealed Plaintiff's reporting of stalking, harassment, and hacking of Plaintiff's electronics…" Dkt. #5 at 2. More recent facts are alleged involving a 2023 false allegation against Plaintiff made by the now-dismissed Defendant Ana Carolina Durro. Other facts are included about other individuals who are not a party to this action who allegedly made false claims against Plaintiff. Plaintiff alleges that SPD has failed to investigate the circumstances of these allegations. Plaintiff concludes his factual background with the following paragraph:

> Plaintiff alleges that Carrie Russo maintains a reciprocal relationship with certain members of the Seattle Police Department, wherein Carrie can create evidence that is actionable by the SPD and vice e versa [sic] investigatory information collected by the SPD is disclosed to Russo improperly. Russo, in turn, disseminates these details to third parties including but not limited to John Doe, Angela, Ana, member [sic] of the Alcoholics Anonymous community, and the unnamed person who confronted him on 6-25-25 who then use [sic] the information to harass the Plaintiff, or create new fabricated evidence while ignoring Plaintiff's reporting of crimes.

*Id*. at 4. The Complaint brings causes of action under 42 U.S.C. § 1983 for deprivation of civil rights, including the First Amendment Right to Petition for Redress of Grievances, Fourth Amendment Unreasonable Search & Seizure, and Due Process. Plaintiff also brings a *Monell* claim against SPD and the Office of Police Accountability and a civil conspiracy claim. Plaintiff alleges that the SPD officer in 2019 intentionally inflicted emotional distress. *See id*. at 5–16.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual

allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

To state a cause of action against a municipality under 42 U.S.C. § 1983, Plaintiff must plausibly allege "(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

The City of Seattle first moves to dismiss the intentional infliction of emotional distress claim as time-barred. The statute of limitations for such claims is two years. RCW § 4.16.100. The Court agrees that the Complaint fails to include any non-conclusory allegations of fact regarding any actions of these Defendants within the relevant time period. Accordingly, this claim is properly dismissed under Rule 12(b)(6).

The City of Seattle states that many of the claims allege fraud but fail to meet the Rule 9(b) pleading standards. Dkt. #30 at 4. Defendant argues more generally that the factual allegations made against them do not plausibly suggest liability for *any* claim. For example, Defendant points to the allegation that the "[Seattle Police Department] identified a random female officer, who then made several attempts in both civilian clothing and uniform to interact

ORDER GRANTING CITY OF SEATTLE'S MOTION TO DISMISS - 3

with Plaintiff," that Plaintiff reported a confrontation that occurred, but that Defendant advised Plaintiff that there was no report available on that confrontation. *Id.* at 4–5 (citing Dkt. #5 at ¶¶ 8, 10-13, and 17). The Court agrees that these allegations, accepted as true, fail to suggest that the City of Seattle is liable for any claim. The city maintains that remaining allegations of concealing or facilitating the creation of false evidence, destroying Plaintiff's Complaints, or otherwise violating Plaintiff's constitutional rights are all conclusory. *Id*. at 5.

The Court has reviewed the Complaint and the briefing and agrees with the City of Seattle. Accepting all facts alleged in the complaint as true and making all reasonable inferences in the light most favorable to the non-moving party, Plaintiff has failed to point to any policy or action that plausibly deprived him of his constitutional rights, and he has instead plead mere labels and conclusions. The allegations of a conspiracy to allow others to pursue investigations against Plaintiff for criminal activity but to ignore allegations he makes against others are lacking in sufficient detail to rise to the level of plausibility.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court notes its familiarity with Plaintiff Dalton given a prior case filed by him against SPD, the City of Seattle, police officer Ivanov, Carrie Russo, and others. *See* Case No. 2:22-cv-1173-RSM. That case was dismissed after the Court found that "Plaintiff has failed to plausibly plead facts indicating these Defendants violated Plaintiff's First Amendment right to petition for redress, the equal protection clause of the Fourteenth Amendment, or due process under the Fifth Amendment," and that "[t]he Court is not convinced law enforcement lacked the discretion to assess allegations and to decline to pursue

ORDER GRANTING CITY OF SEATTLE'S MOTION TO DISMISS - 4

investigations based on that assessment." Case No. 2:22-cv-1173-RSM, Dkt. #13 at 4.  Given all of the above, the Court finds that leave to amend is not warranted.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant's Motion to Dismiss, Dkt. #30, is GRANTED.  Plaintiff's remaining claims are DISMISSED.

2) All pending Motions in this case are DENIED as MOOT.

3) This case is CLOSED.

DATED this 18th day of November, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING CITY OF SEATTLE'S MOTION TO DISMISS - 5